## SAM WILLIS *v.* THE STATE.

1. MISDEMEANOR — PRACTICE — CHARGE OF THE COURT.— If the court in a misdemeanor trial gives an erroneous charge in writing, exception must be reserved, otherwise the error, unless fundamental, is not cause for reversal.
2. VENUE.— Proof that the offense was committed within one hundred and twenty-five yards of a point located by the evidence within the body of the county is sufficient proof of the venue of the offense.
3. SAME — INDICTMENT.— An offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either, and the indictment may allege the offense to have been committed in the county where it is prosecuted.

APPEAL from the County Court of Williamson. Tried below before the Hon. G. W. GLASSCOCK, County Judge.

The information charged the appellant and two others with an aggravated assault upon John Hodge, committed on the 13th day of January, 1881, in Williamson county. The appellant was convicted notwithstanding a conflict of testimony, and his punishment was assessed at a fine of fifty dollars.

*W. C. Belcher* and *J. N. McFaddin,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. There was no exception to the charge of the court, nor were there any special instructions requested for defendant. The rule is that if the court in a trial for misdemeanor gives in writing an erroneous charge, it is not cause for reversal on appeal, unless exception was duly reserved at the time, or the error be fundamental. *Hobbs* v. *State,* 7 Texas Ct. App. 117; Code Crim. Proc. art. 685. Aside from the want of a bill of exceptions, that portion of the charge complained of, with regard to mutual combat and the use by one party of a deadly weapon, or the taking of undue advantage

of his adversary, was not obnoxious to the criticism and objections urged to it. 3 Greenl. Evid. § 121; *King* v. *State*, 4 Texas Ct. App. 54; *Wilson* v. *State*, 4 Texas Ct. App. 637; *Bingham* v. *State*, 6 Texas Ct. App. 169.

The only other point made worthy of notice is that the venue was not proven. Upon this point the statement of facts recites that "the State proved by the witness John Hodges that, on the 13th day of January, A. D. 1881, in the county of Williamson and State of Texas, he was at a festival at the church near Circleville; witness came out of the house and saw defendant at a fire about 10 steps from the house, and went up to him." An altercation ensued about some statements accused had made concerning witness. The result was they agreed to go off and fight. He says, "we went off together about one hundred or one hundred and twenty-five yards, when defendant said we had gone far enough; we then stopped. Witness put his hands behind him and commenced pulling off his coat to fight. The defendant put his left arm, half bent, against defendant's breast; said 'd—n you, don't you like it.' I pulled off my coat and drew back to strike; the defendant was also in the act of striking, when I stepped on a rock and stumbled and fell forward and he and defendant butted against each other. When witness regained his standing position he was seriously cut in the right arm between the elbow and shoulder, on the back of the arm, with some supposed sharp instrument; didn't see it but felt it; did not know whether it was a knife or razor, or something else."

From the above it will be seen that the church was in Williamson county, and the fight was from 100 to 125 yards from the church. Suppose that in going that distance they had actually gone across the Williamson county line into another adjoining county. Would not the offense have still been within the jurisdiction of Williamson county for prosecution? Clearly so under

our statute, which declares that "an offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either county, and the indictment may allege the offense to have been committed in the county where it is prosecuted." Code Crim. Proc. art. 209; *Achterberg* v. *State*, 8 Texas Ct. App. 463.

There is no error in the proceedings or judgment, and the judgment is therefore affirmed.

*Affirmed.*